No. 23-35414

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

MICKEY FOWLER, LEISA MAURER, and a
class of similarly situated individuals,

*Appellant/Plaintiffs,*

v.

TRACY GUERIN, Director of the Washington State
Department of Retirement Systems,

*Appellee/Defendant.*

---

# MOTION FOR A STAY OF APPEAL
# RELIEF NEEDED BEFORE AUGUST 18, 2023

---

DAVID F. STOBAUGH, WSBA #6376
STEPHEN K. STRONG, WSBA #6299
ALEXANDER F. STRONG, WSBA #49839
Bendich Stobaugh & Strong, P.C.
126 NW Canal Street, Suite 100
Seattle WA 98107
Telephone: (206) 622-3536
Facsimile: (206) 622-5759
*Attorneys for Petitioners/Plaintiffs*

## Motion

The plaintiffs/appellants are Mickey Fowler and Leisa Maurer and a court certified class of over 26,000 public school teachers. They seek a four month stay of their appeal. Their appellate brief is due on August 18, 2023. They request action on this motion before that date.

## Opposing Counsel Agrees to the Stay of the Appeal

Opposing counsel has not seen this motion and so does not agree to its contents. But, opposing counsel has advised plaintiffs' counsel that the defendant/appellee agrees to a stay of the appeal.

## Nature of the Appeal

The plaintiff teachers, certified as a class in both federal and state court, have been seeking since 2003 interest skimmed from their retirement accounts by the Department of Retirement Systems (Tracy Guerin is the Director of the Department). In the state proceedings, plaintiffs raised the taking issue and other issues. 167 Wn. App. 180, 183, 271 P.3d 966 (2005). That court reserved the taking issue when reversing and remanding on other grounds. *Id*. n. 1. The case was then remanded for rulemaking, 2014 WL 7462587 (Wn. App 2014), which took years (2013-18). The taking claim was re-alleged by the plaintiffs in federal court in 2015, without the other issues. The district court dismissed the case as premature.

This Court reversed and held that non-crediting of interest is a taking under the Fifth Amendment. *Fowler v. Guerin,* 899 F.3d 1112, 1115-18 (9th Cir. 2018). Rehearing en banc and certiorari denied. The Court rejected the Director's 2018 rule that purported to authorize the Director's non-crediting of some earned interest. The Court considered and rejected all of the Director's defenses and remanded to consider injunctive relief after discovery. *Id.* at 1120. On remand, the district court required disclosure of data to calculate lost interest, but allowed the Director to re-litigate the merits with a new defense and rejected that defense. 2021 WL 3129626 (W.D. Wash. 2021). The district court also confirmed that there had been a taking of interest and the amount of lost interest was substantial. *Id.* The district court also permitted the Director to raise the previously waived defense of statute of limitations over plaintiffs' objections that this violated this Court's mandate, was untimely, and was contrary to the doctrine of judicial estoppel. The district court ultimately granted summary judgment for the Director on the statute of limitations. 2023 WL 3568054 (W.D. Wash. 2023).

The statute of limitations issues are the only issues in this appeal. At the same time as it ruled on the statute of limitations, the district court decided the merits in plaintiffs' favor. 2021 WL 3129626 (W.D. Wash. 2021). In its final order the district court rejected the Director's request to vacate its orders on the

merits so they could not be used against the Director in state court. 2023 WL 3568054 *7 (W.D. Wash. 2023).

## Reason for Stay of Appeal

As noted in the district court's order, 2023 WL 3568054 (W.D. Wash. 2023), and above, there are two parallel cases: this case in federal court and an earlier filed case in state court. The state court case is noted in this Court's opinion in *Fowler,* 899 F.3d at 1115-16, and in the district court's orders, 2021 WL 3129626 (W.D. Wash. 2021) and 2023 WL 3568054 (W.D. Wash. 2023). The same class is certified in both cases.

Applying this Court's determination in *Fowler*, 899 F.3d at 1118-19, that daily interest was a constitutionally protected property right, the district court ruled in favor of the plaintiffs on liability, 2021 WL 3129626 *2-3 (W.D. Wash. 2021) ("Plaintiffs have established a pecuniary loss and a complete *per se* takings claim, as a matter of law."). But, after allowing the defendant to amend her answer after the Ninth Circuit's remand to assert her previously waived statute of limitations defense, the district court ruled in 2023 that the plaintiffs taking claim in federal court under 42 USC § 1983 was time barred before the plaintiffs brought suit in 2015 and before the Ninth Circuit ruled in their favor on liability in 2018. The district court found, however, that it was "unassailable…[that] Fowler prevailed on the timeliness of his claims in state court." 2023 WL 3568054 *5, *7.

The timeliness of plaintiffs' taking claim in federal court is the sole issue in this appeal. However, as found by the district court, timeliness is not an issue in the state court.

Plaintiffs have moved in the parallel state case for summary judgment on recovery of the interest that this Court held was wrongfully skimmed from plaintiffs' accounts in violation of the Takings Clause of the Fifth Amendment. That motion is scheduled to be heard by the Washington Superior Court for Thurston County on August 18, 2023, the same day that plaintiffs' appellant brief is presently due. Defendant is trying to postpone this summary judgment hearing. If plaintiffs prevail on that motion, they will ask the state court to issue an injunction determining the amounts that should be transferred to class members' accounts.

Because the state court proceedings may obliviate the need for plaintiffs' appeal in this Court, plaintiffs ask for a four month stay of the appeal to find out if the state proceeding will make the appeal moot.

RESPECTFULLY SUBMITTED this 28th day of July, 2023.

>BENDICH, STOBAUGH & STRONG, P.C.
>
>  /s/ David F. Stobaugh
> David F. Stobaugh, WSBA #6376
> Stephen K. Strong, WSBA #6299
> Alexander F. Strong, WSBA #49839
> davidfstobaugh@bs-s.com
> skstrong@bs-s.com
> astrong@bs-s.com
> *Attorneys for Plaintiffs-Appellants*

I certify that the foregoing motion has 867 words, in compliance with Circuit Rule 32-3(2).

  /s/ David F. Stobaugh
David F. Stobaugh, WSBA #6376

## DECLARATION OF SERVICE

I, Erika Haack, declare that I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit.

I further declare that I effected service of the foregoing document on the parties listed below through the CM/ECF system.

### *Attorneys for Appellee/Defendant:*

| | |
|---|---|
| Robert W. Ferguson<br>   *Attorney General*<br><br>Andrew Krawczyk, WSBA #<br>   *Assistant Attorney General*<br>Office of the Attorney General<br>c/o Revenue Division<br>PO Box 40123<br>Olympia, WA 98504<br>360-586-3506<br>andrew.krawczyk@atg.wa.gov | Robert B. Mitchell, WSBA #10874<br>Todd L. Nunn, WSBA #23267<br>Christopher M. Wyant, WSBA #35561<br>K&L Gates LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle WA 98104<br>206-623-7580<br>robert.mitchell@klgates.com<br>todd.nunn@klgates.com<br>chris.wyant@klgates.com |

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 28th day of July, 2023.

       /s/ *Erika Rose Haack*
Erika Rose Haack
*ehaack@bs-s.com*